THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VICENTE PEREZ, EZEQUIEL MARTINEZ, and FREDY ZUNIGA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO: |
| GBS INSTALLERS, INC., a GEORGIA CORPORATION, UNITED ENTERPRISES, INC., a GEORGIA CORPORATION, GERALDINE RUIS, INDIVIDUALLY, JOHN RUIS, INDIVIDUALLY, AND DEREK RUIS, INDIVIDUALLY, | ) ) ) ) ) ) ) ) | |
| | ) | FAIR LABOR STANDARDS ACT |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

COME NOW Plaintiffs Vicente Perez ("Plaintiff Perez"), Ezequiel Martinez ("Plaintiff Martinez"), and Fredy Zuniga ("Plaintiff Zuniga") (collectively "Plaintiffs") and, by and through the undersigned counsel, bring this Complaint against GBS Installers, Inc. ("Defendant GBS"), United Enterprises, Inc. (Defendant United"), Geraldine Ruis (Defendant G. Ruis"); John Ruis (Defendant J. Ruis"), and Derek Ruis (Defendant D. Ruis") (collectively "Defendants") and plead as follows:

- 1 -

## PRELIMINARY STATEMENT

### 1.

Plaintiffs bring this action to assert claims and seek relief under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (the "FLSA"), to recover: (1) unpaid back wages; (2) minimum wage compensation that was denied to Plaintiffs; (3) additional amounts as liquidated damages; and (4) Plaintiffs' costs of litigation including, but not limited to, reasonable attorney fees.

### 2.

Plaintiffs further bring this action to assert claims and seek relief under the FLSA to recover: (1) overtime pay that was denied to Plaintiffs; (2) additional amounts as liquidated damages; and (3) Plaintiffs' costs of litigation including, but not limited to, reasonable attorney fees.

## JURISDICTION AND VENUE

### 3.

The Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject matter jurisdiction is also conferred upon this Court pursuant to 29 U.S.C. § 216(b), and by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

4.

Defendant GBS is a domestic for profit corporation organized under the laws of the State of Georgia and is subject to the personal jurisdiction of this Court. Defendant GBS may be served with process through its registered agent, John C. Ruis, at 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

5.

Defendant United is a domestic for profit corporation organized under the laws of the State of Georgia and is subject to the personal jurisdiction of this Court. Defendant United may be served with process through its registered agent, Derek Ruis, at 5956 Julian Baugh Road, Lula, Georgia 30554.

6.

Defendant G. Ruis resides within the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant G. Ruis may be served individually with process at 6020 Julian Baugh Road, Lula, Georgia 30554.

7.

Defendant D. Ruis resides within the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant D. Ruis may be served with process at 5956 Julian Baugh Road, Lula, Georgia 30554.

8.

Defendant J. Ruis resides within the Northern District of Georgia and is subject to the personal jurisdiction of this Court.  Defendant J. Ruis may be served with process at 6020 Julian Baugh Road, Lula, Georgia 30554.

9.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants and Plaintiffs are residents of the State of Georgia and all of the acts, conduct, and omissions giving rise to the claims herein arose in this judicial district.

## FACTUAL ALLEGATIONS

10.

The Plaintiffs are Defendants' former hourly employees whom Defendants employed within the last three (3) years from the date of the filing of this Complaint and who were denied the proper minimum wage and overtime compensation as required by the FLSA.

11.

Defendants employed Plaintiff Perez for approximately the past seven (7) years, through and including June 2014, as a floor installer and manufacturer of baseboards at their business located at 3131 Verona Avenue, Suite 2, Buford,

Georgia 30518.

12.

For the past seven (7) years, Plaintiff Perez was an "employee" of Defendants, as defined in 29 U.S.C. § 203(e)(1).

13.

For the past seven (7) years, Plaintiff Perez was "engaged in commerce," as an employee of Defendants as defined in 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1).

14.

For the past seven (7) years, Plaintiff Perez was not exempt from the payment of an overtime premium pursuant to 29 U.S.C. § 213.

15.

Defendants employed Plaintiff Martinez for approximately the past fifteen (15) years, through and including June 2014, as a floor installer and manufacturer of baseboards at their business located at 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

16.

For the past fifteen (15) years, Plaintiff Martinez was an "employee" of Defendants, as defined in 29 U.S.C. § 203(e)(1).

17.

For the past fifteen (15) years, Plaintiff Martinez was "engaged in commerce," as an employee of Defendants as defined in 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1).

18.

At all times material hereto, Plaintiff Martinez was not exempt from the payment of an overtime premium pursuant to 29 U.S.C. § 213.

19.

Defendants employed Plaintiff Zuniga for approximately the past nine (9) years, through and including June 2014, as a floor installer and manufacturer of baseboards at their business located at 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

20.

For the past nine (9) years, Plaintiff Zuniga was an "employee" of Defendants, as defined in 29 U.S.C. § 203(e)(1).

21.

For the past nine (9) years, Plaintiff Zuniga was "engaged in commerce," as an employee of Defendants as defined in 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1).

22.

At all times material hereto, Plaintiff Zuniga was not exempt from the payment of an overtime premium pursuant to 29 U.S.C. § 213.

23.

During the period of Plaintiffs' employment, Defendant United has been an "employer" within the meaning of 29 U.S.C. § 203(d).

24.

During the period of Plaintiffs' employment, Defendant United has not been exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201, *et seq*.

25.

During the period of Plaintiffs' employment, Defendant United has been an "enterprise engaged in commerce" as defined in 29 U.S.C. §§ 206(a) and 207(a)(1).

26.

During the period of Plaintiffs' employment, Defendant United has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

- 7 -

27.

During the period of Plaintiffs' employment, Defendant United has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

28.

During the period of Plaintiffs' employment, Defendant United has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

29.

During the period of Plaintiffs' employment, Defendant United has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

30.

During the period of Plaintiffs' employment, Defendant GBS has been an "employer" within the meaning of 29 U.S.C. § 203(d).

31.

During the period of Plaintiffs' employment, Defendant GBS has not been exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201, *et seq*.

32.

During the period of Plaintiffs' employment, Defendant GBS has been an "enterprise engaged in commerce" as defined in 29 U.S.C. §§ 206(a) and 207(a)(1).

33.

During the period of Plaintiffs' employment, Defendant GBS has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

34.

During the period of Plaintiffs' employment, Defendant GBS has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

35.

During the period of Plaintiffs' employment, Defendant GBS has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

36.

During the period of Plaintiffs' employment, Defendant GBS has had an annual gross volume of sales made or business done of not less than $500,000 and has had two (2) or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

37.

Defendants United and Defendant GBS comprise a single "enterprise engaged in commerce" as defined in 29 U.S.C. §§ 206(a) and 207(a)(1).

38.

At all times material hereto, Defendant G. Ruis has been "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

39.

At all times material hereto, Defendant J. Ruis has been an "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

40.

At all times material hereto, Defendant D. Ruis has been an "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

41.

Defendants J. Ruis, G. Ruis and D. Ruis are owners, officers and/or supervisors of the named corporate Defendants and they exercised and continue to exercise direct operational and/or supervisory control over the terms and conditions of Plaintiffs' employment including but not limited to Plaintiffs' compensation and the scheduling, or supervision of the scheduling of Plaintiffs' working hours.

42.

During the period of Plaintiffs' employment, Defendants J. Ruis, G. Ruis and D. Ruis have had operational control over the named corporate Defendants' day-to-day functions and operations.

43.

During the period of Plaintiffs' employment, Defendants J. Ruis, G. Ruis and D. Ruis have been actively engaged in the management, supervision and oversight of the named corporate Defendants' businesses.

- 11 -

44.

During the period of Plaintiffs' employment, Defendants J. Ruis, G. Ruis and D. Ruis have set the management policies for the named corporate Defendants and have exercised authority and been responsible for employee hiring and firing, employee hours, work assignments, and employee compensation at the Defendants' businesses located at 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

45.

During the period of Plaintiffs' employment, Defendants J. Ruis, G. Ruis and D. Ruis have been responsible for supervising and controlling employee work schedules and conditions of employment in addition to determining the rate and method of payment of employees working at the Defendants' businesses located at 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

46.

During the period of Plaintiffs' employment, Defendants J. Ruis, G. Ruis and D. Ruis have been responsible for ensuring the creation, maintenance, and retention of employment records for the Defendants' businesses located 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

47.

Defendants employed Plaintiff Perez for approximately the past seven (7) years as a floor installer and manufacturer of baseboards, at their businesses located 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

48.

For approximately the past seven (7) years, Defendants did not compensate Plaintiff Perez for his overtime and travel time hours while employed as a floor installer and manufacturer of baseboards.

49.

For approximately the past fifteen (15) years, Defendants employed Plaintiff Martinez as a floor installer and manufacturer of baseboards at their businesses located 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

50.

For approximately the past fifteen (15) years, Defendants did not compensate Plaintiff Martinez for his overtime and travel time hours while employed as a floor installer and manufacturer of baseboards.

51.

For approximately the past nine (9) years, Defendants employed Plaintiff Zuniga as a floor installer and manufacturer of baseboards at their businesses

located 3131 Verona Avenue, Suite 2, Buford, Georgia 30518.

52.

For approximately the past nine (9) years, Defendants did not compensate Plaintiff Zuniga for his overtime and travel time hours while employed as a floor installer and manufacturer of baseboards.

53.

At all times material hereto, Defendants failed to compensate Plaintiffs for employment activities required by Defendants including but not limited to travel time and overtime work.

54.

During Plaintiffs' employment with Defendants, Plaintiffs were paid less than the applicable minimum wage required by the FLSA.

55.

During Plaintiffs' employment with Defendants, Defendants were aware that Plaintiffs were paid less than the applicable minimum wage required by the FLSA.

56.

At all times material hereto, Defendants failed to keep and maintain accurate records of the Plaintiffs' schedules, hours worked, and pay.

57.

At all times material hereto, Defendants failed to ensure that Plaintiffs were paid the federal minimum wage of $7.25.

58.

During Plaintiffs' employment by Defendants, Plaintiffs regularly worked in excess of forty (40) hours each week.

59.

During Plaintiffs' employment by Defendants, Defendants were aware of the extra hours that Plaintiffs worked each week in excess of forty (40) hours.

60.

At all times material hereto, Defendants did not compensate Plaintiffs for time worked in excess of forty (40) hours per workweek on a basis of one and one-half times their regular rate of pay.

61.

At all relevant times to this action, Defendants failed to keep and maintain records pertaining to each of the Plaintiffs as required under the FLSA.

62.

At all relevant times to this action, Defendants failed to pay travel time to each of the Plaintiffs as required under the FLSA.

63.

At all times relevant to this action, Defendants were employers of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

64.

At all times relevant to this action, Defendants engaged in a pattern or practice of failing to keep and maintain accurate payroll records as required by the FLSA.

65.

At all times relevant to this action, Defendants engaged in a pattern or practice of failing to pay Plaintiffs all wages due as required by the FLSA.

66.

At all times relevant to this action, Defendants engaged in a pattern or practice of failing to pay Plaintiffs overtime wages for all hours worked in excess of 40 hours per workweek as required by the FLSA.

67.

At all times relevant to this action, Defendants each jointly and severally violated the FLSA by failing to pay each of the Plaintiffs the overtime wage rate for all hours worked in excess of 40 hours per workweek.

68.

At all times relevant to this action, Plaintiffs are each victims of Defendants' compensation policy that compensated them at a rate less than the federally mandated minimum wage rate in violation of the FLSA.

69.

At all times relevant to this action, Defendants failed to comply with the FLSA's requirement under 29 C.F.R. § 516.4. to "post and keep posted a notice explaining the Act … in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy."

70.

At all times relevant to this action, Defendants each jointly and severally failed to post or maintain such a notice as referred to in the preceding paragraph of this Complaint.

71.

At all times relevant to this action, Defendants each jointly and severally violated the FLSA by failing to pay each of the Plaintiffs the minimum wage rate required by law.

72.

At all times relevant to this action, Defendants each jointly and severally

violated the FLSA by failing at varying times to pay the Plaintiffs any wages, including overtime and travel time.

73.

At all times relevant to this action, Defendants each jointly and severally violated the FLSA by failing to pay each of the Plaintiffs the overtime wage rate for all hours worked in excess of 40 hours per workweek.

74.

At all times relevant to this action, Defendants J. Ruis, G. Ruis, and D. Ruis controlled or supervised the work performed by the Plaintiffs.

75.

At all times relevant to this action, Defendants were employers of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

76.

At all times relevant to this action, Defendants employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g).

77.

At all times relevant to this action, Plaintiffs were employees of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

- 18 -

78.

At all times relevant to this action, the two corporate Defendants are considered a "joint enterprise" within the meaning of the FLSA.

79.

At all times relevant to this action, the two corporate Defendants performed related activities through a unified operation or common control and for a common business purpose within the meaning of the FLSA.

80.

At all times relevant to this action, the two corporate Defendants were only nominally separate business entities.

81.

At all times relevant to this action, the two corporate Defendants performed related activities using the same office, equipment and employees.

82.

At all times relevant to this action, the two corporate Defendants operated a joint enterprise having a unified operation and common control.

83.

On or about June 2014, Plaintiffs asserted an oral complaint to Defendants regarding the Defendants' failure to compensate Plaintiffs as required by federal

law.

84.

Plaintiffs specifically demanded that Defendants compensate them for workers compensation and hours worked in addition to any overtime hours accrued.

85.

Defendants refused Plaintiffs' request.

86.

As a direct consequence of Defendants' refusal to pay workers compensation and overtime, Plaintiffs believed that they had no viable choice except to resign from their employment with Defendants on or about June, 2014.

87.

Each of the violations by the Defendants of the FLSA was willful.

88.

Each named Defendant is an "employer" within the meaning of the FLSA and is thus jointly and individually liable for the violations of the FLSA.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE TO**
**PLAINTIFF PEREZ**

89.

Plaintiffs reallege and incorporate paragraphs one (1) through eighty (88) above by reference as if fully set forth herein.

90.

For the past seven years through and including June of 2014, Plaintiff Perez was an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

91.

During his employment by Defendants, Defendants failed to compensate Plaintiff Perez at an hourly rate above or equal to the minimum wage rate required by the FLSA.

92.

During his employment by Defendants, Defendants willfully failed to compensate Plaintiff Perez at an hourly rate above or equal to the minimum wage rate required by the FLSA.

93.

In accordance with 29 U.S.C. § 216(b), Plaintiff Perez is entitled to his

unpaid minimum wages in an amount to be determined at trial.

94.

In accordance with 29 U.S.C. § 216(b), Plaintiff Perez is entitled to liquidated damages in an amount equal to his unpaid minimum wages in an amount to be determined at trial.

95.

In accordance with 29 U.S.C. § 216(b), Plaintiff Perez is entitled to his costs of this litigation including reasonable attorney fees.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE TO
## PLAINTIFF MARTINEZ

96.

Plaintiffs re-allege and incorporate paragraphs one (1) through ninety-five (95) above by reference as if fully set forth herein.

97.

For the past fifteen (15) years though and including June 2014, Plaintiff Martinez was an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

98.

During his employment by Defendants, Defendants failed to compensate

Plaintiff Martinez at an hourly rate above or equal to the minimum wage required by the FLSA.

99.

During his employment by Defendants, Defendants willfully failed to compensate Plaintiff Martinez at an hourly rate above or equal to the minimum wage required by the FLSA.

100.

In accordance with 29 U.S.C. § 216(b), Plaintiff Martinez is entitled to his unpaid minimum wages in an amount to be determined at trial.

101.

In accordance with 29 U.S.C. § 216(b), Plaintiff Martinez is entitled to liquidated damages in an amount equal to his unpaid minimum wages in an amount to be determined at trial.

102.

In accordance with 29 U.S.C. § 216(b), Plaintiff Martinez is entitled to his costs of this litigation including reasonable attorney fees.

## COUNT III
## FAILURE TO PAY MINIMUM WAGE TO
## PLAINTIFF ZUNIGA

### 103.

Plaintiffs reallege and incorporate paragraphs one (1) through one hundred and two (102) above by reference as if fully set forth herein.

### 104.

For the past nine years through and including June 2014, Plaintiff Zuniga has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

### 105.

During his employment by Defendants, Defendants failed to compensate Plaintiff Zuniga at an hourly rate above or equal to the minimum wage required by the FLSA.

### 106.

During his employment by Defendants, Defendants willfully failed to compensate Plaintiff Zuniga at an hourly rate above or equal to the minimum wage required by the FLSA.

### 107.

In accordance with 29 U.S.C. § 216(b), Plaintiff Zuniga is entitled to his

unpaid minimum wages in an amount to be determined at trial.

108.

In accordance with 29 U.S.C. § 216(b), Plaintiff Zuniga is entitled to liquidated damages in an amount equal to his unpaid minimum wages in an amount to be determined at trial.

109.

In accordance with 29 U.S.C. § 216(b), Plaintiff Zuniga is entitled to his costs of this litigation including reasonable attorney fees.

## COUNT IV
## FAILURE TO PAY OVERTIME TO
## PLAINTIFF PEREZ

110.

Plaintiffs reallege and incorporate paragraphs one (1) through one hundred and nine (109) above by reference as if fully set forth herein.

111.

For the past seven years through and including June of 2014, Plaintiff Perez has been an employee covered by the FLSA and entitled to the maximum hour and overtime protections set forth in 29 U.S.C. § 207(a).

112.

During his employment by Defendants, Plaintiff Perez regularly worked in

excess of forty (40) hours each workweek.

113.

During his employment by Defendants, Defendants failed to compensate Plaintiff Perez at one and one-half times his regular rate of pay for work in excess of forty (40) hours in any week.

114.

During his employment by Defendants, Defendants willfully failed to compensate Plaintiff Perez at one and one-half times his regular rate of pay for work in excess of forty (40) hours in any workweek.

115.

In accordance with 29 U.S.C. § 216(b), Plaintiff Perez is entitled to his unpaid overtime compensation in an amount to be determined at trial.

116.

In accordance with 29 U.S.C. § 216(b), Plaintiff Perez is entitled to liquidated damages in an amount equal to his unpaid overtime compensation in an amount to be determined at trial.

117.

In accordance with 29 U.S.C. § 216(b), Plaintiff Perez is entitled to his costs of this litigation including reasonable attorney fees.

**COUNT V**
**FAILURE TO PAY OVERTIME TO**
**PLAINTIFF MARTINEZ**

118.

Plaintiffs reallege and incorporate paragraphs one (1) through one hundred and seventeen (117) above by reference as if fully set forth herein.

119.

For the past fifteen (15) years through and including June 2014, Plaintiff Martinez has been an employee covered by the FLSA and entitled to the maximum hour and overtime protections set forth in 29 U.S.C. § 207(a).

120.

During his employment by Defendants, Plaintiff Martinez regularly worked in excess of forty (40) hours each workweek.

121.

During his employment by Defendants, Defendants failed to compensate Plaintiff Martinez at one and one-half times his regular rate of pay for work in excess of forty (40) hours per workweek.

122.

During his employment by Defendants, Defendants willfully failed to compensate Plaintiff Martinez at one and one-half times his regular rate of pay for

work in excess of forty (40) hours per workweek.

123.

In accordance with 29 U.S.C. § 216(b), Plaintiff Martinez is entitled to his unpaid overtime compensation in an amount to be determined at trial.

124.

In accordance with 29 U.S.C. § 216(b), Plaintiff Martinez is entitled to liquidated damages in an amount equal to his unpaid overtime compensation in an amount to be determined at trial.

125.

In accordance with 29 U.S.C. § 216(b), Plaintiff Martinez is entitled to his costs of this litigation including reasonable attorney fees.

## COUNT VI
## FAILURE TO PAY OVERTIME TO
## PLAINTIFF ZUNIGA

126.

Plaintiffs reallege and incorporate paragraphs one (1) through one hundred twenty-five (125) above by reference as if fully set forth herein.

127.

For the past nine (9) years through and including June 2014, Plaintiff Zuniga has been an employee covered by the FLSA and entitled to the maximum hour and

overtime protections set forth in 29 U.S.C. § 207(a).

128.

During his employment by Defendants, Plaintiff Zuniga regularly worked in excess of forty (40) hours each workweek.

129.

During his employment by Defendants, Defendants failed to compensate Plaintiff Zuniga at one and one-half times his regular rate of pay for work in excess of forty (40) hours per workweek.

130.

During his employment by Defendants, Defendants willfully failed to compensate Plaintiff Zuniga at one and one-half times his regular rate of pay for work in excess of forty (40) hours per workweek.

131.

In accordance with 29 U.S.C. § 216(b), Plaintiff Zuniga is entitled to his unpaid overtime compensation in an amount to be determined at trial.

132.

In accordance with 29 U.S.C. § 216(b), Plaintiff Zuniga is entitled to liquidated damages in an amount equal to his unpaid overtime compensation in an amount to be determined at trial.

- 29 -

133.

In accordance with 29 U.S.C. § 216(b), Plaintiff Zuniga is entitled to his costs of this litigation including reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully pray:

a) That the Plaintiffs' claims be tried before a jury;

b) That Defendants be found to have willfully violated the FLSA and its attendant regulations;

c) That the three individually named Defendants be found joint employers under the FLSA and considered equally liable as either or both of the corporate Defendants;

d) That each Defendant to this action be found jointly and severally liable for the damages due Plaintiffs;

e)  That Plaintiff Perez be awarded damages against Defendants both jointly and severally for unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages, as pled in Count I of the Plaintiffs' Complaint;

f) That Plaintiff Martinez be awarded damages against Defendants both jointly and severally for unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages, as pled in Count II of the

Plaintiffs' Complaint;

g) That Plaintiff Zuniga be awarded damages against Defendants both jointly and severally for unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages, as pled in Count III of the Plaintiffs' Complaint;

h) That Plaintiff Perez be awarded damages against Defendants both jointly and severally for unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages, as pled in Count IV of the Plaintiffs' Complaint;

i) That Plaintiff Martinez be awarded damages against Defendants both jointly and severally for unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages, as pled in Count V of the Plaintiffs' Complaint;

j) That Plaintiff Zuniga be awarded damages against Defendants both jointly and severally for unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages, as pled in Count VI of the Plaintiffs' Complaint;

k) That the Plaintiffs be awarded additional damages including a third year of damages arising from Defendants' willful violations of the FLSA;

l) That the Plaintiffs be awarded their costs of this action, including their reasonable attorney fees; and

m) That this Honorable Court award such other and additional relief as the Court deems just and proper.

Respectfully submitted this 16th day of July, 2014.

**GOICO & BOLET, P.C.**

*/s/ Albert J. Bolet, III*
Albert J. Bolet, III
Georgia Bar No. 065785

*/s/ Marguerite K. Belline*
Marguerite K. Belline
Georgia Bar No. 801036

*/s/ Janice D. Ward*
Janice D. Ward
Georgia Bar No. 737281

2021 North Druid Hills Road, NE
Suite 200
Atlanta, Georgia  30329
Telephone: (404) 320-3456
Facsimile:  (404) 320-3026
abolet@goicobolet.com
mbelline@goicobolet.com
jward@goicobolet.com

Counsel for Plaintiffs

## COUNSEL'S CERTIFICATE OF COMPLIANCE

This Complaint document complies with the font and point selections approved by the United States District Court of the Northern District of Georgia in L.R. 5.1B.  This document has been prepared in Times New Roman 14 point type.

*s/Albert J. Bolet, III*
Albert J. Bolet, III
Georgia Bar No. 065785
Attorney for Plaintiffs

**GOICO & BOLET, P.C.**
2021 North Druid Hills Road, NE
Suite 200
Atlanta, Georgia  30329
Telephone: (404) 320-3456
Facsimile:  (404) 320-3026
abolet@goicobolet.com